UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

FILED
April 21, 2005

CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

MICHAEL JOSEPH GOWAN,           )
TDCJ No. 701757,                )
   Petitioner,      )
                                )
v.                              )  7:02-CV-137-R
                                )
DOUGLAS DRETKE, Director,        )
Texas Department of Criminal Justice,   )
Correctional Institutions Division,      )
   Respondent.      )

MEMORANDUM OPINION AND ORDER

Came on to be considered the papers and pleadings filed in this action and the Court finds and orders as follows:

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by an inmate confined in the Robertson Unit of the Texas Department of Criminal Justice in Abilene, Texas. On December 29, 2000, pursuant to his plea of *nolo contendere*, Gowan was convicted on five counts of sexual assault, four counts of burglary of a habitation with intent to commit sexual assault and three counts of aggravated kidnaping. *Petition ¶¶ 1-4; Respondent's Answer p. 2; State of Texas v. Gowan, Nos. 31,181-C, 31,221-C, 30,833-C, 30-834-C, 31,182-C.* In accordance with his plea agreement, Gowan's sentences were assessed at 15 years on each charge with the sentences to run concurrently. Petitioner did not file a direct appeal but did file five state habeas applications challenging the convictions without success. *Petition ¶¶ 8 & 11; Ex parte Gowan, App. Nos. 38,424-04, 38,424-05, 38,424-06, 38,424-07, 38,424-08.*

In support of the instant petition, Gowan presents the following grounds for relief:

1.      His pleas of *nolo contendere* were involuntary because he was denied effective assistance of counsel when his attorney:

     a.      Failed to seek dismissal on grounds of due process and speedy trial violations;

     b.      Failed to confront the trial judge about trial delays;

     c.      Failed to confront the judge about the content of letters she received from him and her statements to the media about the letters;

     d.      Filed a meritless double jeopardy motion causing delay that rendered his probation application moot;

     e.      Actively pursued a plea agreement over Petitioner's objections;

     f.      Failed to research matters related to Petitioner's due process rights;

     g.      Failed to file motions on behalf of Petitioner;

     h.      Engaged in argument that under-minded Petitioner's *pro se* motions and failed to advocate affirmative defenses;

     i.      Failed to investigate procedural mechanisms for recusal of the trial judge;

     j.      Failed to subpoena and confront the trial judge with regard to her alleged bias;

     k.      Failed to preserve Petitioner's claim of judicial bias for purposes of appeal, and;

     l.      Failed to investigate the chronology of events which demonstrated the denial of effective assistance of counsel as to Petitioner's first attorney and failed to file a motion to dismiss on Sixth Amendment grounds thereby coercing his plea of *nolo contendere*.

2.      The judge was disqualified for relying on extrajudicial knowledge and turning the court's power over to the prosecutor;

3.      He was denied the right to a speedy trial and the delay resulted in his plea of *nolo contendere*;

4.      The judge refused to hear and rule on Petitioner's *pro se* objections regarding appointed counsel;

5.      The judge intentionally allowed the sequence of Petitioner's trials to be manipulated for purposes of delay, and;

6.      The judge failed to inquire into Petitioner's dissatisfaction with appointed counsel which rendered his plea of *nolo contendere* involuntary.

*Petition pp. 7-22.*

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "the Act"), Pub. L. 104-132, 110 Stat. 1214, under which we now have a heightened standard of review in federal habeas corpus proceedings. Title I of the Act substantially changed the way federal courts handle such actions. The AEDPA applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063 (1997). Petitioner filed the instant petition after the effective date of the AEDPA. Therefore, Title I of the Act applies to his petition.

The AEDPA provides in pertinent part:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

        (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

        (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d) (West 2002).

Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme

Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 1523 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 531 U.S. 1002, 121 S.Ct. 508 (2000). Under § 2254(d)(2), the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court (1) unreasonably applies the correct legal rule to the facts of a particular case or (2) it unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407, 120 S.Ct. at 1520. The standard for determining whether a state court's application was unreasonable is an objective one. This standard of review applies to all federal habeas corpus petitions which, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Resolution on the merits in the habeas corpus context is a term of art that refers to the state court's disposition of the case on substantive rather than procedural grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039, 121 S.Ct. 2001 (2001). The resolution of factual issues by the state court are afforded a presumption of correctness and will not be disturbed unless the habeas petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550, 101 S.Ct. 764, 771 (1981). Absent such evidence, the presumption of correctness is applied provided that the state court findings are evidenced in

-4-

writing, issued after a hearing on the merits and are fairly supported by the record. *E.g., Burden v. Zant*, 498 U.S. 433, 111 S.Ct. 862, 864 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994), *cert. denied*, 513 U.S. 1137, 115 S.Ct. 959 (1995).

When a criminal defendant enters a plea of guilty, it is more than a mere confession; it is an admission that the defendant committed the offense charged. *Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir. 1991) (citing *North Carolina v. Alford*, 400 U.S. 25, 32, 91 S.Ct. 160, 164 (1970)), *cert. denied*, 503 U.S. 988, 112 S.Ct. 1678 (1992). Once a criminal defendant has entered a guilty plea, all nonjurisdictional defects in the proceedings are waived except claims of ineffective assistance of counsel relating to the voluntariness of a guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (citing *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982)), *cert. denied*, 466 U.S. 906, 104 S.Ct. 1685 (1984). Therefore, review of Gowan's grounds for relief listed above as Nos. 2-6 is foreclosed pursuant to his pleas of *nolo contendere.*[1]

Petitioner claims that he was denied effective assistance of counsel at trial. The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of counsel, he must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland*, 466 U.S. at 687-91 & 694, 104 S.Ct.

---

[1] Under Texas law, a plea of *nolo contendere* has the same legal effect in a criminal proceeding as a plea of guilty. *Cook v. Lynaugh*, 821 F.2d 1072, 1075 (5th Cir. 1987). Accordingly, a plea of *nolo contendere* waives non-jurisdictional defects in the same manner as a plea of guilty. *Id.; Johnson v. Estelle*, 704 F.2d 232, 235 (5th Cir. 1983), *cert. denied*, 465 U.S. 1009, 104 S.Ct. 1006 (1984).

at 2064-66 & 2068.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

To satisfy the second or "prejudice" prong of the *Strickland* test in the context of a guilty plea or, as in the case at bar, *nolo contendere*, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded [*nolo contendere*] and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985); *accord Craker v. McCotter*, 805 F.2d 538, 541 (5th Cir. 1986).  It is not sufficient for a habeas petitioner to merely allege deficiencies on the part of counsel.  He must affirmatively plead the resulting prejudice in his habeas petition.  *Hill v. Lockhart*, 474 U.S. at 59-61, 106 S.Ct. at 371; *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).  A court reviewing an ineffectiveness claim need not consider the two inquires under *Strickland* in any particular order since a failure to establish either requirement necessarily defeats the claim.  *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990), *cert. denied*, 498 U.S. 1033, 111 S.Ct. 694 (1991).

"It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffective by hindsight.  [citations omitted].  Rather, inquiry must be made into the totality of the circumstances surrounding counsel's performance to determine whether reasonably effective representation was provided."  *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982).  A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy.  *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Bridge v. Lynaugh*, 838 F.2d at 773.

Gowan has failed to satisfy the second prong of the *Strickland* test as modified by *Hill v. Lockhart* for cases involving habeas petitioners who pleaded guilty or *nolo contendere*. Gowan alleges no facts or circumstances which might support a conclusion that, but for the alleged deficiency of counsel, he would not have pleaded *nolo contendere* and would have insisted on going to trial. In fact, Gowan repeatedly states that, but for the ineffectiveness of counsel and other alleged errors, he would have opted to accept a plea offer of 20 years with the right to appeal as opposed to 15 years with no right to appeal. *Petition at pp. 7, 10, 13, 15 & 21.* Under *Strickland* and *Hill*, this argument does not present a cognizable ground for habeas relief.

Moreover, a review of the record reveals that Petitioner understood the true nature of the charges against him and was admonished in open court as to the full range of punishment available. *Ex parte Gown, App. Nos. 38,424-04 at pp. 33-34, 38,424-05 at pp. 41-43, 38,424-06 at pp. 39-40, 38,424-07 at pp. 39-40, 38,424-08 at pp. 30-32.* The trial court admonished Gowan as to the consequences of his plea and found his plea to be knowing and voluntary. *Id.* In a habeas corpus proceeding, the state court's records are entitled to a presumption of regularity which the district court may properly rely upon in preference to the Petitioner's own self-serving statements. *Walker v. Maggio*, 738 F.2d 714, 717 (5th Cir. 1984), *cert. denied*, 469 U.S. 1112, 105 S.Ct. 793 (1985); *Thompson v. Estelle*, 642 F.2d 996, 998 (5th Cir. 1981). In short, Gowan's conclusory allegations of ineffective assistance of counsel, as they relate to his nolo contendere plea, fail to raise a colorable basis for habeas corpus relief. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

As discussed earlier, under 28 U.S.C. § 2254(d):

-7-

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Petitioner has failed to demonstrate that the state courts' decisions in his cases were contrary to or involved an unreasonable application of federal law or that any decision was based upon an unreasonable determination of the facts in this case.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is DENIED.

The Clerk of Court shall transmit a true copy of this Order to Petitioner and to Counsel for Respondent.

SO ORDERED this 21st day of April, 2005.

JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE

-8-